**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald William Simms, II, ) | No. CIV 14-2194-TUC-CKJ (LAB) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Thomas C. Horne, Attorney General of the ) State of Arizona, ) | |
| Respondent. ) | |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on June 24, 2014, by Donald William Simms, II, an inmate confined in the United States Prison in Inez, Kentucky. (Doc. 1); (Doc. 17)

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. Simms is not "in custody" for the purposes of 28 U.S.C. § 2254(a).

Summary of the Case

Simms was charged by the state with conspiracy to transport and/or possess marijuana for sale in criminal case CR66597. (Doc. 11-1, pp. 3-4) While that case was proceeding, Simms was involved in another drug conspiracy, which was subsequently charged by the state in criminal case CR20001137. *Id*. Simms entered into plea agreements in both matters. *Id*.

In a combined proceeding, he pleaded guilty to two counts of conspiracy.  *Id.*  On August 28, 2000, the trial court sentenced Simms to intensive probation for five years and ordered him to serve 60 days in jail.  *Id.*;  (Doc. 1-2, pp. 30-33)  In the pending petition, Simms challenges these two consolidated convictions.  (Doc. 1)

Simms subsequently was involved in another offense, which was prosecuted by the federal government and for which he received a sentence of 65 months.  (Doc. 11-1, pp. 3-4)  In August of 2003, as a result of this federal offense, Simms's consolidated probation sentence was revoked by the state court.  *Id.*  The state court imposed no additional sentence of incarceration because Simms was already serving a federal sentence for the underlying offense.  (Doc. 11-1, p. 12);  (Doc.11-1, p. 24)

In 2010, Simms filed a Rule 32 proceeding in the consolidated cases arguing his trial counsel had been ineffective. (Doc. 11-1, p. 15)  The trial court denied the petition because cases CR66597 and CR20001137 were terminated in August of 2003. (Doc. 11-1, p. 24); (Doc. 1-3, p. 14)  The court of appeals dismissed his petition for review and issued its mandate in April of 2011.  (Doc. 11-1, p. 4)

Simms filed a second Rule 32 in March of 2012 arguing again that trial counsel had been ineffective.  (Doc. 11-1, pp. 4-5)  Specifically, he argued trial counsel failed to tell him about a plea offer received from the prosecutor in February of 2000 for case CR66597.  (Doc. 11-1, p. 4)  The petition was denied by the trial court and the court of appeals.  (Doc. 11-1);  (Doc. 11-1, p. 4)  The court of appeals held specifically that Simms's claim of ineffective assistance was precluded pursuant to Ariz.R.Crim.P. 32.2(a)(2),(3) because he could have raised the issue in his first Rule 32 proceeding.  (Doc. 11-1, p. 8)

Simms is currently serving a federal sentence of 242 months imposed by the Eastern District of Wisconsin on December 16, 2009.   (Doc. 1, p. 12)

On September 18, 2013, Simms was sentenced to a term of 1.75 years by Pima County Superior Court  in case CR20122055-001. (Doc. 1, p. 12); (Doc. 11, p. 4, n. 1)  Simms is now serving this state sentence concurrently with his federal sentence.  (Doc. 1-2, p. 2);  (Doc. 11, p. 4, n. 1)

On June 24, 2014, Simms filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He challenges his consolidated state court convictions in CR66597 and CR20001137. He claims (1) he has newly discovered evidence of trial counsel's failure to communicate a plea offer to him in CR66597, (2) trial counsel was ineffective for failing to tell him of this favorable plea offer in February of 2000, and (3) his due process rights were violated because he did not get a "full and fair hearing." (Doc. 1) He alleges he found in his CR66597 casefile a letter from the county attorney, dated February 22, 2000, offering a favorable plea, which his attorney never disclosed to him. (Doc. 1, p. 6)

On August 21, 2014, the respondent filed an answer arguing among other things that this court has no jurisdiction over the petition because Simms is not "in custody" for the purposes of 28 U.S.C. § 2254(a). (Doc. 11) Simms filed a reply on October 24, 2014. (Doc. 19)

Discussion

The writ of habeas corpus affords relief to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is fulfilled only if the habeas petitioner is "in custody" pursuant to "the conviction or sentence under attack at the time his petition." *Maleng v. Cook*, 490 U.S. 488, 490-491, 109 S.Ct. 1923, 1925 (1989).

Here, Simms challenges his state court convictions in CR66597 and CR20001137. He is not, however, in custody pursuant to those convictions. He is in custody pursuant to a separate federal conviction, CR 08-086, and a separate state conviction, CR20122055-001. (Doc. 1, p. 12) (CR 08-086, E.D. Wis., 242 months, imposed 12/16/2009); (Doc. 11, p. 4, n. 1). Accordingly, his petition is not cognizable and must be dismissed.

Simms argues he is in custody pursuant to these state court convictions because his state court sentence in CR 20122055-01 was enhanced due to his prior convictions in CR66597 and CR20001137. (Doc. 19, p. 3); (Doc. 19-1, p. 5); (Doc 1-1, p. 2) The Supreme Court, however, has rejected this expansive view of the "in custody" requirement. *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925 (1989) (rejecting the argument "that a habeas petitioner may

be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.").

Simms also maintains his convictions have resulted in a loss of civil liberties. (Doc. 19, p. 4)  Lingering collateral consequences, however, do not satisfy the "in custody" requirement. *Maleng*, 490 U.S. at 492, 109 S.Ct. at 26.

Finally, Simms argues his petition should be construed as an attack on his 2012 state court conviction because the sentence in that case was enhanced by his prior state court convictions.  Habeas corpus, however, may not be used to collaterally attack an expired conviction that was used to enhance the sentence under review.  *Lackawanna County Dist. Attorney v. Coss*,  532 U.S. 394, 402, 121 S.Ct. 1567, 1573 (2001).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition for writ of habeas corpus.  (Doc. 1) Simms is not "in custody" for the purposes of  28 U.S.C. § 2254(a).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 5th day of December, 2014.

_____
Leslie A. Bowman
United States Magistrate Judge

- 4 -