**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DONALD WILLIAM SIMMS, II,<br><br>    Petitioner,<br><br>vs.<br><br>MARK BRNOVICH,[1] Attorney General of the State of Arizona,<br><br>    Respondent. | No. CIV 14-2194-TUC-CKJ (LAB)<br><br>**ORDER** |

      On December 5, 2014, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. 20) in which she recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Donald William Simms, II ("Simms") be dismissed. The magistrate judge advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b).

      Simms filed an Objection (Doc. 22). Pursuant to the January 29, 2015, Order of this Court, Respondent has filed a Response (Doc. 26). Additionally, Simms has filed a Request to File Reply and Reply to Respondent Response (Doc. 27).

_____

[1] Pursuant to Fed.R.Civ.P. 25(d)(1), Mark Brnovich is substituted Thomas C. Horne as the defendant in this suit.

*Request to File Reply and Reply to Respondent Response* (Doc. 27)

The Court accepts the Reply filed by Simms.

Simms asserts the Court has granted Respondent another bite at the apple after Respondent disregarded the magistrate judge's order to file a Response to the Objection within 14 days of the filing of the Objection. However, the applicable statute states that this Court may "receive further evidence[.]" 28 U.S.C. § 636(b)(1). Additionally, the local rule that addresses motions, objections, responses, and replies recognizes the authority of the Court to issue non-standard orders regarding briefing. *See* LRCiv 7.2; *see also Seismic Reservoir 2020, Inc. v. Paulsson*, — F.3d — , 2015 WL 1883388 (9th Cir. 2015) (recognizing without disapproval the district court's request for additional briefing). The Court will consider the Response to the Objection.

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

The magistrate judge determined Simms was not "in custody" pursuant to the "the conviction or sentence under attack at the time his petition [was] filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

*Simms' Objections to the Report and Recommendation*

Simms asserts he is in custody for his conviction in Arizona case number CR-

- 2 -

1 20122055, which was enhanced by the invalid convictions in Arizona case numbers CR-
2 66597 and CR-20001137. In asserting his convictions are invalid, Simms asserts he has
3 newly discovered evidence that his attorney in CR-66597 failed to advise him of a plea offer
4 made by the State of Arizona. Simms asserts the newly discovered evidence establishes he
5 received ineffective assistance of counsel. Simms also asserts that his due process rights
6 were violated in his Arizona Rule 32 proceeding.

7 Simms does not appear to dispute the conclusion of the magistrate judge that the
8 general rule is that "[h]abeas corpus . . . may not be used to collaterally attack an expired
9 conviction that was used to enhance the sentence under review." Report and
10 Recommendation, p. 4 (*citing Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402,
11 121 S.Ct. 1567, 1573 (2001). However, Simms asserts his petition should be granted under
12 the faultless exception as discussed in *Lackawanna County* and *Durbin v. California*, 720
13 F.3d 1095 (2013). In *Durbin*, the Ninth Circuit stated:

14 We therefore hold that when a defendant cannot be faulted for failing to obtain timely
15 review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally
16 obtained.

17 720 F.3d at 1099. Simms asserts this case falls within the exception discussed in *Durbin*.

18 However, the minute entry from the sentencing in CR20122055 states:

19 THE COURT FINDS that the defendant was previously convicted of a Category Two, Historical Prior Felony Conviction of Conspiracy to Transport and/or Possess
20 Marijuana for Sale, in Pima County Superior Court Tucson, Arizona, cause number CR20001137 on August 28, 2000, committed on February 25, 2000.
21
Answer, Ex. G. (Doc. 11-3, p. 8 of 47); *see also* Reply, Ex. 1 (Doc. 19-1, p. 5 of 53). There
22
is no similar statement that the conviction in CR-66597 enhanced or in any way played a role
23
in the sentencing of Simms in CR-20122055. Similarly, the Sentence Information Sheet
24
from CR-20122055 indicates Simms admitted "a prior conviction of Conspiracy to Transport
25
and/or Possess Marijuana for Sale, in Pima County Superior Court, Tucson, Arizona, cause
26
number CR-20001137 on August 28, 2000, committed on February 26,2000." Reply, Ex.
27

28
- 3 -

1   1 (Doc. 19-1, p. 7 of 53). The Sentence Information Sheet does not state that Simms
2   admitted the prior conviction in CR-66597 in conjunction with CR-20122055. The plea
3   agreement in CR-20122055 similarly states that Simms admitted the prior conviction in CR-
4   20001137, but includes no reference to the CR-66597 conviction. Response, Ex. M (Doc.
5   26-1, p. 6).

6   Simms' claims for relief involve the validity of the conviction in CR-66975.
7   However, that prior conviction did not enhance Simms' sentence in CR-20122055, the
8   conviction for which Simms is in custody. Simms is not in custody in CR-66975 and his
9   sentence in CR-20122055 was not enhanced by an invalid conviction. Simms' claims do not
10  fall within the exception as discussed in *Durbin*.

11  Because Simms is not "in custody" for the purposes of 28 U.S.C. § 2254(a), this Court
12  does not have the authority to grant Simms habeas relief.

13

14  *Certificate of Appealability ("COA")*

15  Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the
16  "district court must issue or deny a certificate of appealability when it enters a final order
17  adverse to the applicant." Such certificates are required in cases concerning detention arising
18  "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking
19  a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is
20  brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court
21  judgment. This Court must determine, therefore, if a COA shall issue.

22  The standard for issuing a COA is whether the applicant has "made a substantial
23  showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district
24  court has rejected the constitutional claims on the merits, the showing required to satisfy §
25  2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would
26  find the district court's assessment of the constitutional claims debatable or wrong." *Slack
27  v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district

28  - 4 -

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)   In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.  A COA shall not issue as to Simms' claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1.   The Report and Recommendation (Doc. 20) is ADOPTED;

2.   Simms' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED WITH PREJUDICE;

3.   The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;.

4.   A Certificate of Appealability shall not issue in this case.

DATED this 2nd day of June, 2015.

_____
Cindy K. Jorgenson
United States District Judge

- 5 -